Spear, C. J.
The ultimate question presented by the record relates to the jurisdiction of the court of common pleas of Fayette county over the person of the defendant Smith. This question is raised by the motion of defendant to quash the summons and service thereof, which, if properly sustained, determined effectually the question of jurisdiction and ended the case. The ground of that motion is that the act of May 11, 1908, which assumes to authorize the bringing of such action in Fayette county and the issuing of summons to Highland county, and its service by the sheriff of that county is unconstitutional.
Section 33 of the act provides: “All actions for injury to the person or property caused by the negligence of the owner of any automobile included within the provisions of this act, may be brought by the party injured against the owner of such automobile in the county wherein such injured party resides. In case such action is begun, a summons against any defendant or defendants shall be issued to the sheriff of any county within the state of Ohio, wherein such defendant or defendants reside, to be served upon such defendant or defendants, as in other civil actions, any law to the contrary providing for the service of summons in civil actions notwithstanding.”
*289 The first section of the act defines what vehicles are included within the scope of section 33 of the act, and practically confines its effect to the vehicles popularly known as automobiles. The fifth section includes as owner any person renting a motor vehicle for a period greater than thirty days.
The main attack upon this act, made by counsel for defendant in error, when reduced to its last analysis, is based upon the proposition that a party defendant to a suit in a county of the state has a constitutional right to be sued, if sued at all, in the county of his residence. This has not been understood to be the law. The fact that some provisions of statute aim to secure this result by no means establishes that it is based upon a constitutional right. On the contrary, beginning with the first practice acts and continuing down through the code of civil procedure, and followed by the numerous amendments, revisions and codifications to this date, the general assembly has assumed the power of legislating respecting the venue of actions and prescribing the county' or counties in which certain actions may be brought, and the county or counties in which certain other actions may be brought, many of which provisions permit the bringing of actions in counties other than those of the residence of the defendant or defendants, and this legislation has been so generally acquiesced in, and so constantly recognized by the courts as valid, that it. is necessary to refer only to the sections of the Revised Statutes, from 5019 to 5031, providing “Where *290 actions to be brought,” and the decisions there cited, to make plain that a provision of statute ■which permits a party plaintiff to maintain an action against his adversary in a county other than the one in which such defendant resides has not been regarded as an invasion of any constitutional right. The power to thus legislate is unquestionably lodged with the general assembly. As held in Handy v. Insurance Co., 37 Ohio St., 366: “The county in which actions are to be brought, as well as the mode of acquiring jurisdiction by notice to defendants, is regulated by statute.” Whether or not this power is always wisely exercised; whether it always brings perfectly fair' results, and whether such legislation is entirely reasonable, it is not important for us to inquire: once the power to legislate on the subject and determine the venue of actions is found to exist in the general assembly, the wisdom of its exercise is not a judicial question. Of course, if in the method of its exercise, that body enacts a statute which is plainly, manifestly; and beyond a reasonable doubt, obnoxious to the charge of depriving a party of any constitutional right, then the statute is to be ignored, but a mere difference of judgment between the body and the courts relating to the wisdom of its action affords no ground for interference with the enforcement of its legislative acts.
The statute does not invade section 16 of the Bill of Rights, cited by counsel, which provides that all courts shall be open, and every person, for an injury done him in his land, goods, person,, or reputation, shall have remedy by due course *291 of law, because full and adequate jurisdiction over the subject-matter is given by general legislation to all of the courts of common pleas of the state, and thus adequate remedy by due course of law is afforded. Nor, for the same reason, does the statute deprive any person of property without due process of law or deny to him the equal protection of the laws. A fair trial in a court of competent jurisdiction is accorded to all alike who are in the same category and having a like cause of action or defense. Hence the act does not lack uniformity of operation throughout the state. As a general rule the statutes require that actions against individuals must be brought in the county where the defendant resides or may be personally served with process, but it does not follow that the general assembly is without power to make exceptions. This phase of the contention seems to be entirely covered by the decision of this court in Snell v. The Cincinnati Street Railway Co., 60 Ohio St., 256, which involved the validity of section 5033, Revised Statutes, which section provides for a change of venue “when a corporation having more than fifty stockholders is a party in an action pending in any county in which the corporation keeps its principal office,” etc., etc. The act in r'eview in that case was, as is the act in review in this case, assailed on the ground of unconstitutionality because it applies an exceptional rule, a rule different from that applicable to parties in other actions, and one not equally applicable to both parties in the same action, and thus denies to such corporation the equal benefit and protection of the law, and remedy by due course of law. The *292 court’s answer to this proposition was, as is our answer to the like proposition in the case at bar: “It has never been regarded as essential to the validity of remedial procedure that it should be applicable in all of its provisions to all persons or parties, alike. Different situations and conditions often render appropriate and necessary different provisions, the necessity' or propriety of which rests largely in the legislative discretion. * * * Distinctions of this nature have not been infrequent since the adoption of the present constitution. * * .* Of a like nature are regulations for changes of venue. They are designed to secure to parties a fair and impartial trial of their causes, which is the ultimate and highest purpose of judicial proceedings; and the extent to which such regulations may go, for the accomplishment of that purpose, is addressed to a sound legislative discretion, in view of the nature of the case to be provided for, and the probable conditions likely to arise. * * * This statute imposes no penalty or burden upon one suitor or class of suitors from which others similarly situated are exempt, as did the statute held invalid in Coal Co. v. Rosser, 53 Ohio St., 12; nor does it affect any'right of property of some owners differently from others in the same situation, • as did the act declared unconstitutional in State v. Ferris, Ibid, 314. In the first of those cases the act was held invalid because it exacted an attorney fee from a class of defendants to which parties in no other class of actions were subject; and in the other case the law failed because it laid a burden in the nature of a tax, unequally upon property.”
*293 It is specially urged that tne classification made by the act is unjust and unreasonable, and that this renders the act invalid. This objection, at first blush, seems plausible, but we think it is not sound. Always to be borne in mind is the fact that the discriminations of the law are made up of distinctions, oftentimes slight, sometimes nice, and yet possessed of substance. Next to an act declared by statute to be unlawful will be found one having many points of resemblance, and yet not precisely like the other which is excluded; or an offense may be classified into grades and offenders receive different punishments, but such discriminations do not render either statute unreasonable, or for any reason invalid. A familiar instance is the statute respecting larceny. If a thief steals property of the value of one cent less than thirty-five dollars he may be imprisoned in the jail or workhouse; if the property be of the value of thirty-five dollars, or over, he may be incarcerated in the penitentiary. The two acts equally involve moral turpitude, but one is a felony while the other is but a misdemeanor. Such classes are arbitrarily formed by the general assembly, and necessarily so. “If' the legislature has erred in not including what has been excepted from the law, it is simply an error of judgment in the exercise of its authority, and can not be reviewed by the courts.” The State v. Nelson, 52 Ohio St., 88. The books are full of illustrations of this principle. See authorities cited by counsel.
The act in question partakes of a two-fold nature. Some of its provisions come purely within *294 the domain of the police power; others within the general legislative power, while others partake of both characteristics. It is a remedial act, intended, in the first instance, to regulate the use of automobiles, and to provide for the safety of others who are lawfully using the public highways. Why should they not be regulated, and why should not the old-fashioned user of the highway be protected by the law? Doesn’t everybody know that the automobile is a new machine of travel; its use a new use of the highway; that it is dangerous to other travelers; that its power, its capacity for speed, the temptation it affords the reckless driver to operate it at a dangerous rate and in a careless manner, all distinguish the automobile from all other vehicles. Surely it cannot be necessary to further elaborate this fact so patent to every observing and reading person. The automobile is, therefore, a class by itself, the users of such machines a class by themselves, and legislation in recognition of this condition is based upon a solid, easily recognized distinction. The objection that,because section 33 (which section prescribes the venue in the present case), permits the action to run only against the owner of the automobile, it is therefore invalid, seems to be wholly without force. The act might well have included in its operation more persons using automobiles than the owner or persons renting for more than thirty days, but failure to extend the class no more invalidates the provisions which take in the owner and the thirty-day renter than did the failure of the act in review in The State *295 v. Nelson, supra, to protect drivers of horse cars and gripmen on cable cars, render the provision protecting other motormen invalid.
Nor is there, any injustice inflicted on the defendant by the provision as to venue. It is not, intrinsically, more unfair to permit a suit of the character here involved to- be tried in the county where the victim of the alleged wrong resides than in the county where the alleged wrong-doer resides. The plaintiff would have just as clear a natural right to ask that the law permit a trial in his county as the defendant could have to demand that the trial shall be in his county. That the demand as to venue of the defendant is not based upon natural right is illustrated by the fact that had the plaintiff procured personal service of summons on the defendant in Fayette county the venue of the action would have been fixed in that county; this by'reason of a statute whose validity has never been questioned. How clear is it, therefore, that the whole question- is one of legislative, discretion, and how idle is it to insist that the authorization of summons to go ‡0 Highland county is an invasion of any natural or constitutional right of defendant. The act, in other sections, provides that violation of certain of its requirements shall be deemed a misdemeanor, punishable by fine or imprisonment. Had the defendant been charged in a criminal complaint with a violation of any of these provisions at the time and place of the alleged accident he would have had to answer to a court outside of his own county; this by mandate of the constitution. Thus *296 does the constitution itsel'f deny that there is any inherent right in a violator of law to be tried in the county of his residence.
As hereinbefore indicated we are not called upon to inquire into the reasons which actuated the general assembly in enacting section 33 of the act in question. In our judgment abundant reasons existed, and do still exist. As applied to the present case, the common law afforded a right of action; the statute provides where that right may be pursued and where the remedy may be enforced. The constitution clothes the court of common pleas with capacity to receive jurisdiction; the statute provides what that jurisdiction shall be, and how, and where exercised. We are of opinion that the provision is not unconstitutional, nor unreasonable, and that it works no injustice.
This conclusion calls for a reversal of the judgments below. The cause will be remanded to the court of common pleas of Fayette county with direction to overrule the motion, and for further proceedings according to law.

Reversed.

Price, Johnson and-Donai-iue, JJ;, concur.